UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARMANDO SANTIAGO,

                Plaintiff,

                                          DECISION AND ORDER
     v.                                         06- CV-282A

GARY D. BOOKER and JOHN MORAN,

                Defendants.

---

## **INTRODUCTION**

          On May 3, 2006, the plaintiff, Armando Santiago, an inmate at the Wende Correctional Facility, filed the instant *pro se* action seeking relief under 42 U.S.C. § § 1983, 1985 and 1986.  The complaint named as defendants Gary D. Booker, "Brezneack," James Conway, "P. Corcoran," "M. Duminuco," Glenn S. Goord, Randy James and John Moran.  Plaintiff alleged in his complaint that these defendants assaulted him, that they were deliberately indifferent to his medical needs, that they retaliated against him and covered up the assault, and that they conspired to deprive him of his constitutional rights.

          On October 18, 2006, the Court issued a Memorandum and Order, pursuant to 28 U.S.C. § 1915 (e)(2)(B), dismissing with prejudice all of plaintiff's claims, except for his claims of excessive force against defendants Gary D. Booker and John Moran.

          Currently before the Court are the following motions brought by plaintiff:

(1) motion to amend the complaint (Docket No. 14); (2) motion to strike the answer of defendant Moran (Docket No. 11); (3) motion for default judgment against defendant Booker (Docket No. 17); (4) motion for appointment of counsel (Docket No. 19); (5) motion for amended discovery (Docket No. 22); (6) motion for an order directing the defendants to retain their own counsel (Docket No. 24); (7) motion to strike answer of defendant Booker (Docket No. 25); and (8) motion for a temporary restraining order/preliminary injunction (Docket No. 26).

## DISCUSSION

1.  *Motion to Amend the Complaint*

    Plaintiff has moved to amend the complaint. He seeks to revive his dismissed claims and to reinstate the original defendants who were terminated as a result of the Court's October 18, 2006 Memorandum and Order.

    In addition to reasserting claims against the original defendants, plaintiff's proposed amended complaint mentions a number of individuals who were not named in the original complaint. It is not clear from the proposed amended complaint which of these individuals plaintiff intends to add as defendants. The "Proposed and Amended Parties" section lists three new "proposed" defendants: "I.G." R. Bonner, R. D. Coffee and Roy Snyder. The factual allegations mention these three, but also refer to seven more: Nurse R. Hagmier, C.O. Hussy, C.O. Nicotra, C.O. Pirfiut, Examiner Nurse Karen Sharp, Captain Slawatycki and Anthony Witkowski. The Court will assume that plaintiff intends to name all ten of these individuals as new defendants.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." However, "it is well established that leave to amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003).

Here, most of plaintiff's proposed amendments would be futile as they would be subject to dismissal and/or summary judgment. With regard to the claims and defendants named in the original complaint, with the exception of the excessive force claim against defendants Moran and Booker, the Court has already dismissed, with prejudice, all such claims and defendants. The dismissal with prejudice is *res judicata* on the merits of a claim in favor of the defendants. Nemaizer v. Baker, 793 F.2d 58, 60-61 (2d Cir. 1986). Plaintiff is therefore barred from reviving the already-dismissed claims and is barred from reinstating the original defendants.

With regard to the new defendants, with the exception of defendant Witkowski, as discussed below, plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has failed to allege facts showing these new defendants' personal involvement in the deprivation of plaintiff's constitutional rights.

With regard to defendant Witkowski, however, plaintiff claims that he joined defendants Booker and Moran in assaulting plaintiff, on November 9, 2003. Accordingly, the Court shall allow the plaintiff to amend the complaint to add defendant Wtikowski.

2.      *Motion to Strike Answer of Defendant Moran*

Plaintiff has moved the Court to strike the answer to defendant Moran because defendant Moran failed to comply with plaintiff's discovery requests. The Court notes, however, that there has not yet been a pretrial conference in this case. Accordingly, plaintiff's motion to strike defendant Moran's answer is denied.

3.      *Motion for Default Judgment as to Defendant Gary D. Booker*

Plaintiff has moved for default judgment as to defendant Gary D. Booker. However, plaintiff has failed to obtain an entry of default as required by Rule 55(a) of the Federal Rules of Civil Procedure and Rule 55(a) of the Local Rules of Civil Procedure. Thus, the motion for default judgment is denied.

4.      *Motion for Appointment of Counsel*

The Court hereby grants plaintiff's motion for appointment of counsel.

5.      *Motion for Amended Discovery*

Plaintiff has moved for "amended" discovery. As previously stated, however, there has not yet been a pretrial conference in this case. Accordingly, plaintiff's motion is denied.

6.      *Motion to Direct Defendants to Retain Their Own Counsel*

Plaintiff has moved the Court to order the defendants to retain their own

counsel rather than being represented by counsel provided by the State of New York. The Court denies plaintiff's motion. Plaintiff has no standing to challenge the State of New York's decision to provide defendants with counsel.

7.      *Motion to Strike Answer of Defendant Booker*

Defendant has moved to strike the answer of defendant Booker because defendant Booker failed to comply with plaintiff's discovery requests. However, as the Court has already noted, there has not yet been a pretrial conference in this case. Accordingly, plaintiff's motion to strike defendant Booker's answer is denied.

8.      *Motion for Temporary Restraining Order/Preliminary Injunction*

Plaintiff has moved for a temporary restraining order/preliminary injunction, enjoining the defendants and any other employees of the New York State Department of Correctional Services from retaliating against him, including but not limited to, filing false misbehavior reports against him and separating him from his inmate legal assistant. The Court denies the requested relief.

To make a § 1983 retaliation claim a prisoner must show: (1) that he was engaged in constitutionally protected conduct, and (2) that the prison officials' conduct was taken in retaliation for the prisoner's protected conduct. Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996). A finding of sufficient permissible reasons to justify state action is readily drawn in the context of prison administration. Prison officials have broad administrative and discretionary authority. Lowrance v. Achtyl, 20 F.3d 529, 535

(2d Cir. 1994).  Moreover, retaliation claims by prisoners are "prone to abuse" since prisoners can claim retaliation for every decision they dislike.  Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

Here, in support of his motion, plaintiff offers as evidence a misbehavior report filed against him on July 17, 2007, by Corrections Officer M. Duminuco, who was formerly a defendant in this case.  After a hearing, plaintiff was found guilty of creating a disturbance and was sentenced to 16 days keeplock.  He appealed, but the finding of guilt and the punishment were affirmed.  Plaintiff also filed a grievance regarding the misbehavior report.  The grievance was denied, he appealed and the denial was affirmed.  Based on this record, the Court finds no basis for issuing the injunctive relief requested by the plaintiff.

## **CONCLUSION**

For the reasons stated, the Court: (1) grants plaintiff's motion to amend the complaint to the extent it seeks to add a new claim of excessive force against Anthony Witkowski, but denies the remainder of the motion (Docket No. 14); (2) denies the motion to strike the answer of defendant Moran (Docket No. 11); (3) denies the motion for default judgment against defendant Booker (Docket No. 17); (4) grants the motion for appointment of counsel (Docket No. 19); (5) denies the motion for amended discovery (Docket No. 22); (6) denies the motion for an order directing the defendants to retain their own counsel (Docket No. 24); (7) denies the motion to strike answer of defendant Booker (Docket No. 25); and (8) denies the motion for a temporary restraining order/preliminary injunction (Docket No. 26).

The Court hereby refers the matter back to Magistrate Judge Schroeder for further proceedings.  Within 30 days of this Decision and Order, the Magistrate Judge shall appoint counsel to represent plaintiff on his claim of excessive force against defendants Booker, Moran and Witkowski.  Within 60 days of this Decision and Order, the Magistrate Judge shall conduct a pretrial conference.

SO ORDERED.

        s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 27, 2008